```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SHIRLEY SOMMERS, ET AL.                          CIVIL ACTION

versus                                           NO. 07-577

AIR LIQUIDE - BIG THREE, INC.,                   SECTION I/4
ET AL.
```

## ORDER AND REASONS

Before the Court is the motion of plaintiffs, Shirley, Kelly, Katherine, and Richard Sommers, individually and on behalf of the deceased, Charles Sommers, to remand this action. For the reasons set forth below, plaintiffs' motion is **GRANTED**.

### *Background*

On December 15, 2006, plaintiffs filed this action in state court, naming Air-Liquide - Big Three Inc. ("Air Liquide"), Baker Hughes Incorporated ("Baker Hughes"), Chevron Phillips Chemical Company ("Chevron"), Dilo, Inc. ("Dilo"), Milpark Drilling Fluids ("Milpark"), Pure Fluids Limited ("Pure Fluids"), Sunoco, Inc. ("Sunoco"), and Sun Oil Company ("Sun Oil") as defendants.[1]

---

[1] Rec. Doc. No. 1-2.

Plaintiffs allege that, during his employment, the decedent was regularly exposed to asbestos, which resulted in lung cancer.[2]

Baker Hughes removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity jurisdiction.[3] Subsequently, plaintiffs moved to remand this action to state court based on lack of subject matter jurisdiction. In support of their motion to remand, plaintiffs contend that 1) removal is improper because Milpark did not consent to removal, 2) defendants cannot establish the fraudulent joinder of Air Liquide, and 3)despite a clerical error in plaintiffs' complaint, plaintiff Shirley Sommers is domiciled in Texas, thereby defeating diversity jurisdiction. Because the Court finds plaintiffs' final argument to be dispositive, it need not reach plaintiffs' other arguments.

### *Law and Analysis*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the

---

[2] Rec. Doc. No. 1-2, pp. 2-3.

[3] Rec. Doc. No. 1.

defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

Section 1332 confers diversity jurisdiction upon federal courts in civil actions. 28 U.S.C. § 1332. Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the lawsuit was filed. *Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S. Ct. 1112, 1114 n.1, 1 L. Ed. 2d 1205 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992). Section 1332(c) deems that a corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). The Fifth Circuit has held that a corporation is a citizen of both the state of its incorporation and the state in which it has its principal place of business. *Harrison*, 961 F.2d at 549.

For a natural person to be a citizen of a State within the meaning of Section 1332, the person must be both a citizen of the United States and a domiciliary of that State. *Mas v. Perry*, 489

F.2d 1396, 1399 (5th Cir. 1974). For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient. *Id.* "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....'" *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

Plaintiffs' state court petition stated the plaintiffs "are persons of the full age of majority domiciled in Louisiana."[4] In their motion to remand, plaintiffs now inform the Court, "A clerical error failed to include a sentence [in the petition] stating that Mrs. Shirley Sommers is a longtime resident of the State of Texas who resided in Texas at the time of filing."[5] Plaintiffs also submit the sworn affidavit of Shirley Sommers who states that she has resided in Huntsville, Texas, since approximately 1995. She further states that she considers Texas to be her domicile and that, at no time since 1995, has she lived or been domiciled in Louisiana.[6] Defendants do not challenge these factual assertions, but simply assert that removal was proper given the statement of domicile in plaintiffs' petition.[7]

---

[4] Rec. Doc. No. 1-2. p. 1.

[5] Rec. Doc. No. 11-2, p. 6.

[6] Rec. Doc. No. 11-5.

[7] Rec. Doc. No. 13, pp. 5-6.

As the Seventh Circuit recently held, a case "should not come to federal court if the only ground for jurisdiction is a clerical error, however careless." *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005). The court held that "jurisdiction is defeated if one of the pleading elements necessary to establish jurisdiction is a scrivener's error." *Id.* at 334. Similar to the present case, in *Selim v. Pan American Airways Corp.*, plaintiff misstated the domicile of a party due to a scrivener's error. 254 F. Supp. 2d 1316 (S.D. Fla. 2003). The court held, "The Court will not claim to exercise diversity jurisdiction over a matter where such jurisdiction clearly does not exist, merely due to an error by Plaintiff." *Id.* at 1319.

This Court concurs with the logic and reasoning of *Schillinger* and *Selim*, and will not permit diversity jurisdiction to be conjured based on plaintiffs' error in pleading the jurisdictional facts. The burden to establish jurisdiction rests with defendants, and they have provided no evidence to counter Shirley Sommers' affidavit that she is a Texas domiciliary for purposes of this litigation. It being undisputed that several defendants are Texas citizens,[8] there is no complete diversity in this matter. As there is no other basis for the removal, remand is required.

Accordingly, for the reasons stated,

---

[8] In its notice of removal, Baker Hughes states that its principal place of business and corporate headquarters is in Houston, Texas. Rec. Doc. No. 1, p. 4. The same is true for Air Liquide and Chevron. *Id.* at pp. 3-4. Accordingly, those defendants are Texas citizens for purposes of diversity jurisdiction.

**IT IS ORDERED** that plaintiffs' motion to remand[9] is **GRANTED** and this action is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, March __19th__, 2007.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[9] Rec. Doc. No. 11.